struction favorable to the heir-at-law, is a question to be decided by them. Their former decisions cannot be reconciled. Some one of them must be overruled and the others established; and if their own tribunals have done this, it is not for this court to criticise or doubt the correctness of their decision. The legislature of this state in 1833 have cut the knot as to all wills made since that time, by abolishing the rule altogether, and declaring that "all devises of real estate shall pass the whole estate of the testator in the premises, although there be no word of inheritance, unless it appear by a devise over or other words of limitation, that the testator intended to devise a less estate."

This will was made before the passage of this act, and has been twice before the supreme court of Pennsylvania. In the argument of the case of Weidman v. Maish, 16 Pa. St. 510, the introductory clause in the will does not appear to have been relied on, there being other expressions in it which, it was contended, justified the construction that an estate in fee was intended. The opinion of the court considers those arguments, disposing of the introductory clause in a single sentence. In the case of Schriver v. Meyer, 19 Pa. St. 88, the case turned entirely on the effect to be given to this introductory clause. A solemn decision of the supreme court supported either view of the question,—the case of French v. McIlhenny, 2 Bin. 13, on one side, and Steele v. Thompson, 14 Serg. & R. 89, on the other: but each decided by a divided court; Judges Yeates, Breckenridge and Duncan on one side, and Chief Justices Tilghman and Gibson on the other. In such a contest who is to decide? Not the courts of the United States. "Non nostrum est tantas componere lites." The supreme court of the state have met the question and have decided it. After the able opinion delivered on the occasion of Schriver v. Meyer, by Mr. Justice Lowrie for the court, and Mr. Justice Gibson dissenting, further discussion of the merits of the question would be superfluous—all has been said that can be said on either side.

Instead, therefore, of again discussing this moot question, this court feel that it is their duty to follow what now appears at last to be the settled doctrine on the subject. In addition to the early case of French v. McIlhenny (1809) 2 Bin. 13, we have now Schriver v. Meyer, 19 Pa. St. 87, Wood v. Hills, Id. 513, and Shinn v. Holmes, 25 Pa. St. 142, all concurring. The authorities are no longer in equilibrio. The question is settled, and should not be again disturbed. It will soon become obsolete under the wise legislation abolishing the old common law rule, which subverted the intention of the testator to subserve the policy of English institutions. The courts of Pennsylvania will of course adhere to the rule, as settled by their own highest tribunal.

We are not disposed to encourage cases like the present. It is an easy thing under the transparent contrivance of a transfer to John Doe or John Smith (supposed to reside in another state), to bring every question of title to real property before the courts of the United States. This is the last of many cases, and I hope will continue to be the last, where titles decided in the state courts, after years of exhausting litigation, have been thus transferred and the litigation renewed, in the vain hope that the courts of the United States will assume to reverse the supposed errors of the state tribunals in questions of real property in dispute between their own citizens.

In such cases it is our duty to pronounce the law of Pennsylvania, as defined by her own legislature and judiciary, and not to assume the position of umpire and pronounce the opinion of even the ablest minority of her judges entitled to more respect than that of the majority, and thus add to the confusion and uncertainty of titles. It would be a humiliating spectacle if this court should, under one rule of construction, deliver the land to the heir-at-law, who would probably be turned out of possession immediately by the devisee, in an action brought in another forum. Such would, I doubt not, be the result of a judgment for plaintiff in this case; and such a collision of judicial authority can only be avoided by the course now pursued.

Pease v. Peck (Sup. Ct. U. S.) 18 How. [59 U. S.] 598, which enumerates certain instances as exceptions to the rule of adhering to state decisions, does not apply to the present.

Judgment accordingly.

---

SMITH (SLACUM v.). See Case No. 12,936.

---

## Case No. 13,109.
### SMITH v. SMITH.

[Cited in Carr v. Gale, Case No. 2,435. Nowhere reported; opinion not now accessible.]

---

SMITH v. The SOUTHWEST. See Case No. 13,191.

SMITH (SPEED v.). See Case No. 13,226.

SMITH (STEWART v.). See Case No. 13,436.

SMITH (STOKELY v.). See Case No. 13,473.

---

## Case No. 13,110.
### SMITH v. STOOPS.
[1 Cranch, C. C. 238.] [1]

Circuit Court, District of Columbia. June Term, 1805.

PLEADING AT LAW—WHEN STATUTE OF LIMITATIONS MAY BE PLEADED.

After office judgment the court will not receive a plea of the statute of limitations.

[1] [Reported by Hon. William Cranch, Chief Judge.]